UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEQUINCY LOPEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-01763-JMS-TAB |
| ) | |
| TISHA RIKARD, and TAMMY, LAST ) | |
| NAME UNKNOWN, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Defendants' Motion for Summary Judgment**

In this civil action, plaintiff Dequincy Lopez, alleges that on May 18, 2015, while he in the custody of the Indiana Department of Correction, the defendants denied him necessary seizure medication and as a result he was injured. Presently pending before the Court is the Motion for Summary Judgment filed by defendants Tisha Rikard and Nurse Tammy. The defendants' motion argues that the claim alleged against them is barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. This provision requires a prisoner to exhaust his available administrative remedies before filing a lawsuit. Mr. Lopez argues in response that his efforts to properly exhaust were blocked by prison officials.[1] For the reasons explained below, the motion for summary judgment [dkt. 21] is **denied** and further proceedings will be directed.

---

[1] The plaintiff's response was filed as a motion to amend response. The **clerk is directed** to terminate the motion flag associated with this filing [dkt. 34]. The plaintiff was previously granted leave to file an amended response in the Entry of May 17, 2016.

### I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So

here, the defendants bear the burden of demonstrating that Mr. Lopez failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

## II.  Material Facts

At all times relevant to his claims in this suit, Lopez was incarcerated at Putnamville Correctional Facility. Lopez was aware of the Offender Grievance Process and copies of the procedure were available to him in various locations within the prison, including the law library.

If an offender has a complaint regarding prison conditions, the grievance process requires an offender to file a Level I informal complaint within five business days of the incident.

If there is no resolution of the informal complaint or the offender disagrees or is dissatisfied with the staff response, the offender may request to file a Level II formal grievance by signing, dating and noting that he wants to proceed with filing a formal grievance. The Level II formal grievance must be filed within twenty business days of the incident.

A Level III grievance appeal must be filed within ten working days from the date of receipt of a response to the Level II formal grievance or twenty business days after the inmate submitted the grievance if no response is provided.

The claims in this action are based on alleged inadequate medical care provided by the defendants on May 18, 2015. On May 20, 2015, Lopez submitted a Level I informal complaint alleging that Nurse Rickard and Nurse Owen denied him anti-seizure medication on May 18, 2015. On June 2, 2015, medical staff responded to the Level I informal complaint. A copy of this informal complaint is provided below:



**OFFENDER COMPLAINT – INFORMAL PROCESS LEVEL**
State Form 52897 (R / 4-15)
DEPARTMENT OF CORRECTION

INSTRUCTIONS: Offender completes Section I ONLY and returns the form to the Offender Grievance Office for processing.

### SECTION 1 – OFFENDER COMPLAINT (To be completed by offender.)

i Information is required.

Name of offender*: Dequincy Lopez
DOC number*: 983935
Housing assignment*: H-North
Job*: Idle

List the department OR the name of the staff person(s) about which you are complaining, if any.*: Nurse Trash/Tisha Found out the Spelling of Name Corizon Medical Service, Nurse

Provide a brief explanation of your complaint.* (Your complaint MUST be legible. Multi-page statements are NOT acceptable.)

On or About 5-18-15 while on my way to H.S.U/medical to take my 2nd/evening Medication. Call Dilantin for my Seizure. I Seen that the medical line was long. to be standing from a back and neck Injury that was cause from a Fall off the top Bunk and From a Seizure I had, due to a Nurse by the name of Jeremy O'Sullivan, Denying my Medication.

Signature of offender*: [signature]
Date (month, day, year)*: 5-20-15

Signature of Grievance Specialist upon acceptance: [signature]
Date received in Grievance Office (month, day, year): MAY 27 2015

### SECTION 2 – REVIEWING STAFF
(To be completed by department head or custody supervisor. Response is due within ten (10) working days.)

I, F. Burch, have reviewed the above informal complaint and recommend:
Printed name

☒ Resolution (Explain below.)   ☐ Unable to resolve this informal complaint because: (Explain below.)

Explanation and how resolved. If unable to resolve, explain why not. (Please write legibly.)

You currently have an order for Dilantin. You need to report to medical for medications when you are called out. If you decide the line is to long and you want to come back later and med line is closed we will not issue your medications. You must come during the appropriate med line times.

Signature of staff: J. Burch RN HSA
Date (month, day, year): 6/2/2015

### SECTION 3 – ACKNOWLEDGEMENT

This informal complaint has been resolved as acknowledged by the signatures below.

Signature of offender: 
Date (month, day, year):

Signature of Grievance Specialist:
Date (month, day, year):

### SECTION 4 – DISAGREEMENT

I, the offender, by signing in this section, DO NOT agree with the findings / actions of the informal response listed in Section 2 above.

☒ I disagree with the resolution
Signature of offender: [signature] DeQuin___
Date (month, day, year): 6-25-15

**EXHIBIT E**

Although, a response appears to have been written on June 2, 2015, Lopez did not receive the response to his informal grievance until June 25, 2015 – which is more than 20 days after the incident and outside the time to file a formal grievance. Lopez testified that Department of Correction officials Williams and Brunch ignored his requests to timely obtain a Level II formal grievance form.

On June 25, 2015, Lopez received the response to his informal grievance and signed and submitted Section 4 of the Level I informal complaint indicating that he did not agree with the informal response and that he wanted to proceed with filing a Level II formal grievance.

On July 6, 2015, Lopez's Level II formal grievance was denied as untimely. The denial stated that the attached grievance was rejected and returned because it did not comply with the adult offender grievance procedure. Specifically, the following errors were noted:

> You have submitted the form too late and have not shown any good reason for the delay. Grievance forms must be submitted within the time limits set out in A.P. 00-02-301. . . .
>
> Your request for a formal grievance form is denied because you are out of time frame. Your formal grievance is to be filed no later than (20) business days from the date of the incident.

Dkt. 1-1 at p. 3.

Lopez did not file a Level III Grievance Appeal to the denial of his Level II formal grievance.

### III. Discussion

The defendants argue that Lopez was required to appeal the denial of his formal grievance within the time frame set by the prison under the PLRA. They argue that there is no evidence that the grievance process was unavailable to Lopez or that officials prevented him from completing his appeal. There are material facts in dispute, however, regarding whether Lopez could be reasonably expected to file a Level III appeal given the response he received to the Level II grievance.

Prison staff having the responsibility of providing prisoners with a meaningful opportunity to raise grievances cannot refuse to facilitate that process and then later argue that the prisoner did not comply with procedures or file in a timely manner. *See Kaba,* 458 F.3d at 684. "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole,* 438 F.3d at 809. The facts construed in a fashion most favorable to Lopez as the non-movant raise a material question of fact regarding whether he was thwarted in his attempt to use the grievance system.

The Court has identified two primary issues.

1. Whether Lopez requested but was denied the forms he needed to file a formal grievance within 20 days of the incident as required by the grievance policy.

2. Whether Lopez was misled by a prison official to believe that he could not file a Level III appeal to argue that the officer was wrong to deny his formal grievance where the denial was based on timeliness and included the statement that his request for a formal grievance form was denied.

Because there are material facts in dispute, the motion for summary judgment [dkt. 21] is **denied.**

### IV. Further Proceedings

The defendants shall have **through August 10, 2016,** in which to notify the Court in writing that they wish to abandon their affirmative defense of exhaustion or request a hearing to resolve the factual disputes detailed above.

**IT IS SO ORDERED.**

Date:  July 27, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel